**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA LUCIA MEDINA CORDOVA, <br><br> Plaintiff, <br><br> vs. <br><br> R & R FRESH FRUITS AND VEGETABLES OF CALIFORNIA, INC.; and CHRIS LIZAOLA, <br><br> Defendants. | CASE NO. 15-CV-00155-WQH (MDD) <br><br> ORDER |

HAYES, Judge:

    The matter before the Court is the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants R & R Fruits and Vegetables of California, Inc. and Chris Lizaola. (ECF No. 8).

## I. Background

    On January 22, 2015, Plaintiff Ana Lucia Medina Cordova commenced this action by filing the Complaint in this Court. (ECF No. 1). On February 13, 2015, Defendants R & R Fresh Fruits and Vegetables of California, Inc. ("R & R") and Chris Lizaola filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3). On March 2, 2015, Plaintiff filed the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1), which is the operative pleading in this case. (ECF No. 6). On March 3, 2015, the Court issued an order denying the motion to dismiss as moot. (ECF No. 7).

    On March 11, 2015, Defendants filed the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). On March 30, 2015, Plaintiff filed an opposition. (ECF No. 9). On April 1, 2015, Defendants filed a reply. (ECF No. 11).

## II. Allegations of the FAC

Plaintiff shipped tomatoes with a principal value of $167,083.10 to Defendant R & R from Mexico. Defendant R & R has failed to promptly pay for the tomatoes and has an outstanding balance of $110,351.36. "On or about March 21, 2014, R&R, by and through Lizaola, its authorized representative, began its fraudulent scheme to order and receive Tomatoes from Plaintiff while R&R concealed its intent to later falsely argue that the Tomatoes were not acceptable in order to try and avoid payment to Plaintiff from R&R." (ECF No. 5 at 5). Plaintiff made twenty shipments of tomatoes to Defendant R & R. Defendant R & R received these shipments but paid only part of the invoice amount on thirteen invoices from March 21, 2014, until May 1, 2014. From May 12, 2014, until May 21, 2014, Defendant R & R received seven shipments of tomatoes but failed to pay any of the invoiced amounts and "falsely argue[d] that the tomatoes were not acceptable." *Id.* at 6. "If the Tomatoes were truly not acceptable R&R would not have continued to order and receive Tomatoes from Plaintiff." *Id.* "As a [Perishable Agricultural Commodities Act] dealer, R&R knew or should have known that it had to have the Tomatoes federally inspected within 8 hours of receipt in order to reject the Tomatoes." *Id.*

Plaintiff asserts the following claims for relief: (1) violation of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. section 499a *et seq.* against Defendant R & R; (2) breach of contract against Defendant R & R; (3) fraud against Defendant R & R; (4) negligent misrepresentation against Defendant R & R; (5) goods sold and delivered against Defendant R & R; and (6) breach of fiduciary duty against Defendant Lizaola. Plaintiff requests damages in the amount of $110,351.36, punitive damages, interest, costs, and reasonable attorneys' fees.

## III. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must

contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

Claims sounding in fraud or mistake must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time,

place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted).

## IV. Discussion

Defendants move to dismiss Plaintiff's first claim for violation of PACA, third claim for fraud, fourth claim for negligent misrepresentation, and sixth claim for breach of fiduciary duty. "Defendants R&R Fresh Fruits and Vegetables of California, Inc. and Chris Lizaola hereby incorporate their Memorandum in Support of Motion to Dismiss etc. filed herein on February 13, 2015 in order to avoid repetition and this Supplemental Memorandum will only address the differences in the first amended complaint as opposed to the original complaint." (ECF No. 8-1 at 2). Plaintiff objects to Defendants incorporating by reference the prior motion to dismiss in the pending motion to dismiss. Plaintiff requests leave to amend should the Court grant Defendants' motion to dismiss.

Because the Court dismissed Defendants' first motion to dismiss as moot, and the FAC is now the operative pleading, the Court will only consider the pleadings addressing the pending motion to dismiss.

### A. Violation of PACA (First Claim)

Defendant R & R contends that Plaintiff has failed to allege an "essential element" of a PACA claim. (ECF No. 8-1 at 2). Defendant R & R contends that Plaintiff has failed to allege that the invoices submitted to Defendant R & R contained PACA notices that state an intent to enforce PACA rights. Plaintiff contends that notice of intent to enforce PACA is only required in order to assert PACA trust rights. Plaintiff contends that notice of intent to enforce PACA is not required in order to assert a claim for failure to make full and prompt payment in violation of PACA.

7 U.S.C. section 499b provides, in relevant part: "It shall be unlawful in or in connection with any transaction in interstate or foreign commerce ... to fail or refuse

truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had...." 7 U.S.C. § 499b(4). "If any commission merchant, dealer, or broker violates any provision of section 499b of this title he shall be liable to the person or persons injured thereby for the full amount of damages ... sustained in consequence of such violation." 7 U.S.C. § 499e(a). "Such liability may be enforced either (1) by complaint to the Secretary as hereinafter provided, or (2) by suit in any court of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, and the provisions of this chapter are in addition to such remedies." 7 U.S.C. § 499e(b). "Full payment promptly" is defined by the regulations of the United States Department of Agriculture. *See* 7 C.F.R. § 46.2(aa).

"Congress amended the statute in 1984 to add an additional remedy: the perishable commodities or proceeds from the sale of those commodities are held in trust by the dealer for the benefit of the unpaid seller until full payment is made." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997). "Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(2). PACA's trust remedy provision further provides, in relevant part:

> The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker within thirty calendar days.... The written notice to the commission merchant, dealer, or broker shall set forth information in sufficient detail to identify the transaction subject to the trust. When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.

7 U.S.C. § 499e(c)(3).  The trust remedy provision further provides that notice may be provided on billing or invoice statements with the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4).

In this case, Plaintiff alleges that Defendant R & R violated PACA "by failing to pay Plaintiff promptly and in full for the Tomatoes."  (ECF No. 5 at 3) (citing 7 U.S.C. § 499b(4)).  Plaintiff's prayer for relief includes a request for damages, and does not include a request for any remedy related to a trust.  Plaintiff's first claim does not allege that Defendants violated PACA's trust provisions.

Defendant R & R has cited no authority for the proposition that a plaintiff must provide notice in order to recover damages under PACA for failure to "make full payment promptly."  7 U.S.C. § 499b(4); *see also C & G Farms, Inc. v. Capstone Bus. Credit, LLC*, No. CV F 09-0032, 2011 WL 677487, at *11 (E.D. Cal. Feb. 17, 2011) ("[T]he statutory scheme for the damages remedy and the statutory scheme for the trust remedy are distinct.").  Defendants' motion to dismiss Plaintiff's first claim for violation of PACA is denied.

**B.  Fraud and Negligent Misrepresentation (Third and Fourth Claims)**

Defendant R & R contends that it has not committed fraud because Plaintiff alleges that Defendant R & R informed Plaintiff that the tomatoes were defective. Defendant R & R contends that it is not fraud to fail to pay in full for a product.

Plaintiff contends that tort damages may be awarded in contract cases where a contract is fraudulently induced.  Plaintiff contends that she has adequately alleged that Defendant R & R fraudulently induced "Plaintiff to sell Defendant produce over a series of transactions, with Defendant's undisclosed full intent to never fully pay for it and later fabricate that the produce was not acceptable."  (ECF No. 9 at 5).

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (citations and internal quotations omitted). "Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal. App. 3d 954, 962 (1986).

The FAC's fraud claim alleges that Plaintiff made twenty shipments of tomatoes to Defendant R & R. The FAC's fraud claim alleges:

> On or about March 21, 2014, R&R, by and through Lizaola, its authorized representative, began its fraudulent scheme to order and receive Tomatoes from Plaintiff while R&R concealed its intent to later falsely argue that the Tomatoes were not acceptable in order to try and avoid payment to Plaintiff from R&R. On or about March 21, 2014, R&R received tomatoes from Plaintiff totaling the sum of $7,140 which were invoiced to R&R on March 21, 2014 as set forth in Plaintiff's invoice number 1801 (the "1801 Tomatoes"). Despite accepting the 1801 Tomatoes, R&R failed to fully pay for the 1801 Tomatoes, and did the same with regard to the following [twelve invoices]....
>
> On or about May 12, 2014, R&R received tomatoes from Plaintiff totaling the sum of $6,706.80 which were invoiced to R&R on May 12, 2014 as set forth in Plaintiff's invoice number 2668 (the "2668 Tomatoes"). Despite accepting the 2668 Tomatoes, R&R fraudulently schemed to continue ordering and receiving Tomatoes from Plaintiff and later falsely argue that the Tomatoes were not acceptable. If the Tomatoes were truly not acceptable, R&R would not have continued to order and receive Tomatoes from Plaintiff. In reality, R&R ordered and received the following Tomatoes, while R&R concealed its intent to later falsely argue that the Tomatoes were not acceptable in order to try and avoid payment to Plaintiff from R&R [on the following six invoices]....

(ECF No. 5 at 5-6). The FAC's fraud claim alleges that Defendant R & R "falsely represented to Plaintiff that R&R would pay for the Tomatoes within 30 days of the sale of the Tomatoes to R&R." *Id.* at 7. The FAC's negligent misrepresentation claim repeats these same allegations.

The Court finds that Plaintiff's third and fourth claims for fraud and negligent

1  misrepresentation sound in fraud.  The Court finds that the FAC fails to allege fraud
2  with the particularity required by Rule 9(b) or sufficient facts to state a fraud claim that
3  is "plausible on its face."  *Iqbal*, 556 U.S. at 678; *Swartz*, 476 F.3d at 764 (stating that
4  Rule 9(b) requires an "account of the time, place, and specific content of the false
5  representations").   The FAC fails to allege the date on which the alleged
6  misrepresentation was made, the date on which Defendant R & R first informed
7  Plaintiff that the tomatoes were unacceptable, or the date(s) on which Defendant
8  partially paid the first thirteen invoices.  Defendant R & R's motion to dismiss
9  Plaintiff's third and fourth claims for fraud and negligent misrepresentation is granted.

### C. Breach of Fiduciary Duty (Sixth Claim)

Defendant Lizaola contends that Plaintiff's sixth claim seeks to impose a PACA trust.  Defendant Lizaola contends that Plaintiff cannot impose a PACA trust without complying with PACA's notice provisions.  Plaintiff contends that Defendant Lizaola can be personally liable pursuant to PACA because "he was in the position to control the trust assets of R&R and did not preserve those assets...." (ECF No. 9 at 8).  Plaintiff contends that a breach of fiduciary duty claim has been recognized by the Ninth Circuit Court of Appeals in these circumstances.  Plaintiff contends that it need not comply with PACA's notice requirements in order to assert claims against Defendant Lizaola.

The FAC alleges that Defendant Lizaola "was in the position to control the trust assets of R&R pursuant to PACA."  (ECF No. 5 at 11).  The FAC alleges that Defendant Lizaola "had fiduciary duties to preserve the trust assets of R&R pursuant to PACA."  *Id.*  The FAC alleges that, "[b]ecause Plaintiff's invoices have not been paid in full as the bills come due, Plaintiff has reason to believe Lizaola dissipated the PACA trust or transferred trust assets to entities having claims were are [sic] subordinate to the Plaintiff's claims to the determent [sic] of Plaintiff."  *Id.*

Plaintiff's breach of fiduciary duty claim is premised on the creation of a trust pursuant to PACA, and the breach of duties arising from that trust.  Plaintiff has failed

to allege that it has complied with PACA's trust remedy notice provision. *See* 7 U.S.C. § 499e(c)(3)-(4); *see also Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282 (9th Cir. 1997) (noting that a PACA trust action may be brought in federal court once PACA's notice provisions are complied with); *C & G Farms, Inc.*, 2011 WL 677487, at *5 ("A PACA claimant ... must establish the following three elements in order to become a valid PACA trust beneficiary: (1) the produce in question must be 'perishable agricultural commodities'; (2) the commodities must have been received by a commission merchant, a dealer, or broker; and (3) the claimant must have provided written notice of its intent to preserve its rights under PACA within 30 days after payment became due."). Defendant Lizaola's motion to dismiss Plaintiff's sixth claim for breach of fiduciary duty is granted.

## V. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 8) is GRANTED in part and DENIED in part. Plaintiff's third, fourth, and sixth claims are dismissed without prejudice. No later than **twenty (20) days** from the date this Order is filed, Plaintiff may file a motion for leave to amend, accompanied by a proposed second amended complaint.

DATED: April 16, 2015

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge