1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LUCIA MEDINA CORDOVA,<br><br>                              Plaintiff,<br><br>          vs.<br><br>R & R FRESH FRUITS AND<br>VEGETABLES OF CALIFORNIA,<br>INC.; and CHRIS LIZAOLA,<br><br>                              Defendants. | CASE NO. 15-CV-00155-WQH<br>(MDD)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion for leave to file a second amended complaint filed by Plaintiff Ana Lucia Medina Cordova.  (ECF No. 13).

## I. Background

On January 22, 2015, Plaintiff Ana Lucia Medina Cordova commenced this action by filing the Complaint in this Court.  (ECF No. 1).  On February 13, 2015, Defendants R & R Fresh Fruits and Vegetables of California, Inc. ("R & R") and Chris Lizaola filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 3).  On March 2, 2015, Plaintiff filed the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(1).  (ECF No. 6).  On March 3, 2015, the Court issued an order denying the motion to dismiss as moot.  (ECF No. 7).

On March 11, 2015, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 8).  On April 16, 2015, the Court issued an Order, granting in part and denying in part the motion to dismiss.  (ECF No. 12). The Court dismissed Plaintiff's third claim for fraud, fourth claim for negligent misrepresentation, and sixth claim for breach of fiduciary duty.

On May 6, 2015, Plaintiff filed the motion for leave to file a second amended complaint. (ECF No. 13). On May 19, 2015, Defendants filed an opposition. (ECF No. 17). On May 31, 2015, Plaintiff filed a reply. (ECF No. 19).

## II. Discussion

Plaintiff contends that none of the *Foman v. Davis* factors are present in this case. Plaintiff asserts that the proposed second amended complaint removes the breach of fiduciary duty that was dismissed by the Court in its April 16, 2015 Order and states fraud and negligent misrepresentation claims with particularity. Defendant contends that Plaintiff has failed to state fraud and negligent misrepresentation claims for the third time, even though the court found that the Complaint and FAC both failed to state fraud and negligent misrepresentation claims.[1]

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the motion for leave to file a second amended complaint and all

---

[1] Contrary to Defendants' assertion, the Court did not address the allegations of the original Complaint. On March 2, 2015, Plaintiff filed the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), rendering moot Defendants' first motion to dismiss. (ECF Nos. 6-7).

related filings, the Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

**III. Conclusion**

IT IS HEREBY ORDERED that the motion for leave to file a second amended complaint (ECF No. 13) is GRANTED.  Plaintiff shall file the proposed second amended complaint attached to the motion within **ten (10) days** from the date of this Order.

DATED:  June 9, 2015

**WILLIAM Q. HAYES**
United States District Judge